In re Terry Joseph **FORCIER**, Debtor.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Plaintiff,**

v.

**Terry Joseph FORCIER, Defendant.**

**Bankruptcy No. 79–0003.**

United States Bankruptcy Court, D. Arizona.

Oct. 8, 1980.

John R. Evans, Asst. Atty. Gen., Tucson, Ariz., for plaintiff.

Herman C. Zickerman, Jr., Tucson, Ariz., for defendant.

## MEMORANDUM OPINION

WILLIAM A. SCANLAND, Bankruptcy Judge.

Plaintiff filed a complaint objecting to the discharge of a debt due it from the defendant debtor under 11 U.S.C. 523(a)(2)(A). This section reads, "(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . (2) for obtaining money . . . by—(A) false pretenses, a false representation, or actual fraud . . . " This matter was submitted to the Court upon a Stipulation of Facts agreed to by both parties, together with various documents attached to it.

The debtor apparently received unemployment benefits from plaintiff totaling $2,295.00 between June 1, 1975, through December 6, 1975. An investigation was started by plaintiff which resulted in a letter being sent by Mrs. Forcier to the Department. See Exhibit I. In that letter she acknowledges that Forciers had received a certified letter stating that they were indebted to plaintiff in the amount of $2,295.00. Plaintiff replied to this letter by a letter dated December 27, 1976, stating that it would accept the amount of $25.00 per month in order to repay the $2,295.00 unemployment insurance overpayment. See Exhibit J of the Stipulation of the parties. There also is attached to the Stipulation of Facts a sworn statement, sworn to on January 8, 1976, by Terry J. Forcier, who acknowledged he had been in class commencing in June 1975, and continuously thereafter. The debtors made $25.00 monthly payments to plaintiff totaling $550.00, leaving a balance due of $1,745.00. See Pretrial Order (pleading 3–13). During the period in which debtor, Terry Joseph Forcier, was receiving unemployment benefits, he appeared at a local unemployment insurance office every two weeks and signed a certification card swearing that he was not attending school. Copies of each of the certification cards are attached to the Statement of Facts marked Exhibit D. Copies of the payment checks are attached and marked Exhibit C to the Stipulation of the parties.

A.R.S. § 23–771 (1956) provides for the eligibility for benefits of claimants from the Arizona Department of Economic Security, and reads as follows:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if the department finds that the individual:

1. . . .

2. . . .

3. Is able to work, and is available for work.

4. . . .

5. . . .

6. . . .

7. . . . . "

The word "availability" is defined in the Official Compilation of Administrative Rules and Regulations (State of Arizona). Regulation R6–3–1805, after citing the above quote from A.R.S. § 23–771, reads as follows:

"In conformity with this Section, the Department of Economic Security prescribes:

A. . . .

B. An individual shall be presumed to be unavailable for work for any week of unemployment if such individual is a student; provided, however, that such presumption may be rebutted upon a showing to the satisfaction of the Department that such individual was, in fact, available for work. For purposes of this Regulation, a student is an individual who is registered for full–time attendance at, and regularly attending an established school, college or university, or similar institutions for academic learning, or who has so attended during the most recent regular term."

Regulation R6–3–5240 reads as follows:

"A. Department Regulation R6–3–1805 provides in part:"

(Sets forth pertinent portions of Subparagraph B of this regulation).

"1. Full–time attendance at an institution for academic learning creates a presumption that a claimant is unavailable for work. A claimant who is attending, or during the most recent regular term has attended, an institution of academic learning on a full–time basis, is considered a "student" and presumed unavailable for work. This presumption may be rebutted if the claimant has not, in order to attend school, left suitable full–time work, refused suitable full–time work, or reduced his hours to part–time work and has established a sufficient pattern of concurrent, full–time work and full–time school attendance during the nine months preceding his new or additional claim to show that school attendance will not in itself interrupt full–time employment.

2. A full–time student can remove the presumption that he is not available for work only by having established a definite pattern of regular, full–time work during regular school terms and vacation periods, showing that school attendance will not in itself interrupt full–time employment."

The Arizona Department of Economic Security made a determination on January 13, 1976, as follows: "You returned to school as a fulltime student on 6–2–75 and your status precludes you from realistically seeking regular full time employment. The determination of 1–9–76 is hereby set aside. You will be requested to repay any overpayment created by this determination."

This Court is not bound by this determination. See *In re Houtman*, 568 F.2d 651 (9th Cir. 1978). Here the Ninth Circuit Court said, "What is required is that the bankruptcy court consider all relevant evidence, including the state court proceedings, that is offered by the parties, or requested by the court, and on the basis of that evidence determine the nondischargeability of judgment debts . . ."

This Court finds that the debtor, Terry Joseph Forcier, received unemployment benefits for the period June 1, 1975, through December 6, 1975, while he was a regular student at Pima Community College, and that the claimant filed false certifications in which he asserted he was not attending any school during the period he received the unemployment insurance benefits. The fact that the debtor, Terry Joseph Forcier, states in a sworn affidavit that he was available for work and that he would not let his school schedules interfere with accepting full–time employment and would either drop school or change his schedule if he found suitable full–time work (see Exhibit E of the Stipulation of the parties) is not sufficient evidence to rebut the presumption of unavailability for work raised by R6–3–5240. There is no evidence of a sufficient pattern of concurrent full–time work and full–time school attendance for any period of time.

For the foregoing reasons this Court finds that the debt due plaintiff from defendant, Terry Joseph Forcier, of $1,745.00, is nondischargeable.